UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MARK S. MAIS,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

GULF COAST COLLECTION BUREAU, INC., and
JACK W. BROWN, III,

    Defendants.
_____/

## CLASS ACTION COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. The Court has diversity jurisdiction under 28 U.S.C. §1332(d)(2) and as the amount in controversy exceeds $5,000,000 and at least some of the members of the Class are of different citizenship than the Defendants. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, MARK S. MAIS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, GULF COAST COLLECTION BUREAU, INC., ("GULF COAST") is a professional corporation and citizen of the State of Florida with its principal place of business at 5630 Marquesas Circle, Sarasota, Florida 34233.

5. Defendant, JACK W. BROWN, III, ("BROWN") is vice president of and 20% owner of GULF COAST. He is a citizen and member of the Bar for the State of Florida. He controls the policies and practices of GULF COAST regarding the TCPA and authorized those policies and practices complained of herein.

## FACTUAL ALLEGATIONS

6. Plaintiff provided his cellular telephone number to a medical provider. Plaintiff defaulted on the alleged debt. The medical provider later forwarded Plaintiff's cellular telephone number to GULF COAST for the purpose of collecting the alleged debt.

7. Defendant, GULF COAST, left the following messages on Plaintiff's voice mail on his cellular telephone in an effort to collect a medical debt on or about the dates stated:

> August 15, 2009 – Pre-Recorded Message
> This message is for Mark Mais. If you are not Mark Mais, please hang up or disconnect. If you are Mark Mais, please continue to listen to this message. By continuing to listen to this message, you acknowledge that you are Mark Mais. Mark Mais should not listen to this message so other people can hear it as it contains personal and private information, there will now be a 3

second pause in this message to allow you to listen to this message in private. Please return this call to Roy Dillard from Gulf Coast Collection Bureau. Please call 877-827-4820 and ask for file number U01459.

August 28, 2009 – Pre-Recorded Message
Hello, my name is Roy Dillard with GCCB. I'm calling regarding an important bus—personal business matter. Please return my call at 877-827-4820. Again, I'm Roy Dillard. The phone number is 877-827-4820. That's toll-free. This is a time sensitive matter. Please reference file number U01459. Once again, that file number is U01459.

September 2, 2009 – Pre-Recorded Message
Hello, my name is Roy Dillard with GCCB. I'm calling regarding an important bus—personal business matter. Please return my call at 877-827-4820. Again, I'm Roy Dillard. The phone number is 877-827-4820. That's toll-free. This is a time sensitive matter. Please reference file number U01459. Once again, that file number is U01459.

October 9, 2009 – Pre-Recorded Message
Hello, my name is Roy Dillard with GCCB. I'm calling regarding an important bus—personal business matter. Please return my call at 877-827-4820. Again, I'm Roy Dillard. The phone number is 877-827-4820. That's toll-free. This is a time sensitive matter. Please reference file number U01459. Once again, that file number is U01459.

8. Defendant, GULF COAST, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

9. None of Defendant, GULF COAST'S, telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

10. Defendant, GULF COAST, willfully or knowingly violated the TCPA.

11. Under the Health Insurance Portability and Accountability Act ("HIPAA") Plaintiff's telephone number is considered Personal Health Information ("PHI").

12. Under HIPAA, GULF COAST is a business associate of Plaintiff's health care provider and creditor.

13. The U.S. Department of Health and Human Services has commented on HIPAA's privacy requirements regarding health care providers sharing Personal Health Information for payment purposes as follows:

> These provisions do not eliminate a covered entity's responsibility to apply the Privacy Rule's minimum necessary provisions to both the disclosure of and request for information for payment and health care operations purposes. In addition, the Department continues to strongly encourage the use of de-identified information wherever feasible.

14. Standards for Privacy of Individually Identifiable Health Information, 67 FR 14776, 14783 (proposed March 27, 2002) (to be codified at 45 C.F.R. pt. 160 and 164).

15. Under HIPAA, the de-identification of Personal Health Information includes the removal of the individual's telephone number. 45 C.F.R. § 164.514 (b)(2)(i)(D).

16. HIPAA contains a "minimum necessary" requirement for the amount of Personal Health Information that may be disclosed or used as follows:

> (d)(1) *Standard: Minimum necessary requirements.* In order to comply with §164.502(b) and this section, a covered entity must meet

4

>the requirements of paragraphs (d)(2) through (d)(5) of this section with respect to a request for, or the use and disclosure of, protected health information.
>* * *
>(d)(3) *Implementation specification: Minimum necessary disclosures of protected health information.*
>
>>(i) For any type of disclosure that it makes on a routine and recurring basis, a covered entity must implement policies and procedures (which may be standard protocols) that limit the protected health information disclosed to the amount reasonably necessary to achieve the purpose of the disclosure.
>
>45 C.F.R. § 164.514(d)(1), (d)(3)(f).

17. The minimum amount of Personal Health Information reasonably necessary to contact a consumer to demand payment does not include the consumers' telephone number. *See e.g.* 15 U.S.C. § 1692g(a)(l)-(5) (within 5 days after the initial communication the debt collector must "send the consumer **a written notice**" containing the required disclosures.) (emphasis added).

18. The minimum amount of Personal Health Information reasonably necessary for an attorney to file a collection suit on behalf of the attorney's creditor client against the debtor does not require the attorney to obtain or use the debtor's telephone number.

19. Health care providers HIPAA Notice of Privacy Rights do not generally inform the consumer that the telephone number they provide to it will be disclosed to a debt collector. *See e.g.* The University of Chicago Medical Center, Notice of Privacy Practices, p. 2 (May 27, 2007) (emphasis in the original) (The

HIPAA Privacy Notice informs the patient that their Personal Health Information would be used and shared, "[f]or example, we may share your PHI to request payment and receive payment from Medicare, Medicare, your health insurer, HMO, or other company or program that arranges or pays the cost of some or all of your health care (*"Your Payor"*) and to confirm that Your Payor will pay for health care. As another example, we may share your PHI with the person who you told us is primarily responsible for paying for your Treatment, such as your spouse or parent").

20. Under HIPAA, Plaintiff had the reasonable expectation that part of his Personal Health Information, his telephone number, would not be provided to a business associate, Defendant, for payment purposes.

21. Under HIPAA, Plaintiff did not give express consent for a business associate, Defendant, to use part of his Personal Health Information, his telephone number, to contact him for payment purposes.

22. Other Courts have certified classes based upon the same allegations Plaintiff asserts herein. See Memorandum Opinion and Order, *Mitchem v. Ill. Collection Serv.*, Case No. 09-cv-07274, 271 F.R.D. 617, 2011 U.S. Dist. LEXIS 714 (N.D. Ill. January 3, 2011).

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates Paragraphs 1 through 22.

6

24. Defendant, GULF COAST, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

25. Plaintiff incorporates the foregoing paragraphs.

26. This action is brought on behalf of a TCPA class.

27. The class is defined as:

   a. all United States residents to whom Defendant, GULF COAST, placed any call using an automatic telephone dialing system or an artificial or pre-recorded voice to the recipient's cellular telephone to which the recipient had not consented in violation of 47 U.S.C § 227 (b)(1)(A)(iii)

   b. in which Defendant's records show that it obtained the person's cellular telephone number from that person's health care provider,

   c. excluded from this class are persons who Defendant's records show that such persons gave consent directly to Defendant to call their cellular telephone number prior to Defendant first placing a call with its automatic telephone dialing system or leaving a pre-recorded voice message,

   d. in an attempt to collect a defaulted medical debt,

   e. during the four-year period prior to the filing of the complaint.

28. As a result of Defendant, GULF COAST'S, negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

29. As a result of Defendant, GULF COAST'S, willful or knowing violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class Members are entitled to an award of up to $1,000.00 in additional statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

31. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. whether Defendant, GULF COAST'S, messages violate the TCPA

32. The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

33. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling under the TCPA and class

actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

34. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

WHEREFORE, Plaintiff, MARK S. MAIS, requests that the Court enter judgment in favor of himself and the class and against Defendant, GULF COAST COLLECTION BUREAU, INC., and JACK W. BROWN, III.

    a. Certification of this matter to proceed as a class action;

    b. Statutory damages pursuant to pursuant to 47 U.S.C. §227(b)(3) for the TCPA class;

    c. A permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of any United States resident using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party;

    d. Attorney's fees, litigation expenses and costs of suit; and

    e. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

        Respectfully submitted,

        DONALD A. YARBROUGH, ESQ.
        Attorney for Plaintiff
        Post Office Box 11842
        Fort Lauderdale, Florida 33339
        Telephone: (954) 537-2000
        Facsimile: (954) 566-2235
        donyarbrough@mindspring.com

        s/Donald A. Yarbrough
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658