UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-61936-Civ-Scola/Otazo-Reyes

MARK S. MAIS,
on behalf of himself and
all others similarly situated,

     Plaintiff,

v.

GULF COAST COLLECTION BUREAU, INC.,
FLORIDA UNITED RADIOLOGY, L.C.
SHERIDAN ACQUISITION ASSOCIATES, P.A
and JACK W. BROWN, III

     Defendants.
_____/

## PLAINTIFF'S MOTION TO COMPEL

     Plaintiff, Mark S. Mais, files this Motion to Compel and, in support thereof, states as follows:

     1.     Plaintiff seeks to compel Defendant, Gulf Coast Collection Bureau, Inc. ("Gulf Coast") to perform an analysis of its records in order to determine the number of class members, and to re-appear at deposition to testify as to the number of class members, the method of compiling the data, and the data itself. Plaintiff also requests that Gulf Coast be required to use a commercially available procedure known as a "cell phone scrub" to determine whether the numbers it called were cellular numbers or that Gulf Coast be compelled to turn over the relevant telephone numbers to Plaintiff, who will then conduct the cell phone scrub. In either event, Plaintiff will bear the cost of the cell scrub. The requested discovery is relevant at this stage in the litigation, as prior to

1

certification; discovery is permitted regarding the elements of Rule 23(a) and (b). Manual for Complex Litigation, Fourth, 21.141 (Federal Judicial Center 2004). Thus, Plaintiff is entitled to discovery as to the number and even the identity of putative class members. Youngblood v. Family Dollar Stores, Inc., 2011 WL 1742109 (S.D.N.Y. 2011); Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 514 (S.D.N.Y. 2010); Muha v. Encore Receivable Management, Inc., 236 F.R.D. 429 (E.D. Wis. 2006); Bode v. Encore Receivable Management, Inc., 2006 WL 801017 (E.D. Wis. 2006). The number of persons included in the class is relevant and necessary to Plaintiff's certification motion, to determine numerosity.

      2.      In a similar case, United States District Judge Robin S. Rosenbaum, then a United States Magistrate Judge, compelled a defendant to provide a plaintiff with the telephone numbers, and allowed the plaintiff to perform the cell phone scrub:

> After consideration, the Court determined that the Request was relevant to the issues in the case. As such, the Court found that Defendant was required to provide the relevant documents. As announced during the hearing, Defendant shall review its records (as well as those of its telephone service provider) and provide Plaintiff with a list of all telephone numbers with Florida area codes dialed by Defendant for the past four years. This information shall be presented to Plaintiff in electronic format. Once presented with this information, Plaintiff will review the records to perform the comparison between the numbers called and commercially available data bases to determine which numbers are assigned to cellular telephones. Plaintiff will then provide this information to Defendant so that Defendant can attempt to provide Plaintiff with the names and addresses of the consumers associated with the cellular phone numbers where such calls were made with predictive dialers.

Order on Motion to Compel (DE 60), Hicks v. Client Services, Inc., Case No.: 07-61822-Civ-Dimitrouleas/Rosenbaum (S.D. Fla. October 10, 2008).

A cell phone scrub is not an expensive procedure. In the Hicks case, the cost of the cell scrub was approximately $3,500.00, and plaintiff bore that cost.

3. More recently, in another similar case, Manno v. Healthcare Revenue Recovery Group, LLC, et al., Case No.: 11-61357-Civ-Scola/Otazo-Reyes (S.D. Fla. September 4, 2012), United States Magistrate Judge Alicia M. Otazo-Reyes granted a motion to compel in nearly identical circumstances as in the instant case, and ordered the defendant to identify the number of accounts/telephone numbers which met the class definition, and produce a log of those numbers including the date of the first telephone call, in electronic format, and to reappear for deposition to testify on that issue. Id. The defendant in Manno moved to set aside the order, and United States District Judge Robert N. Scola, Jr. overruled the objection, and affirmed the Magistrate Judge's ruling. Manno, DE 94, entered September 18, 2012. In doing so, Judge Scola noted the broad scope of discovery, and cited to Drossin v. Nat'l Action Fin. Servs., Inc., 2008 WL 5381815 (S.D. Fla. Dec. 19, 2008) for the proposition that discovery on the issue of numerosity is appropriate, as plaintiff bears the burden of proof on that issue, and there is no other way to establish it. The same is true of the instant case - the only place that the evidence of numerosity exists is in Gulf Coast's records.

4. At the deposition of Gulf Coast held September 10, 2012, Gulf Coast's representative did not give substantive answers regarding the size of the putative class in this case - rather, he gave educated guesses:

> Q. Okay. Have you had an opportunity to check and see how many persons might be included in the class?

A. No.

Q. You haven't had a chance to do that?

A. No.

Q. But did you understand that that would be a topic of your deposition here today?

A. I thought there was something as far as the records that we keep, and we don't keep records of this sort of issue. So, I mean, we're not recording how many cell phones we're calling when, you know, the client or the consumer has provided the phone number to the client, you know. You've raised a novel issue of law here that, you know, wasn't something that we've tracked, so no.

Q. But couldn't you examine your firm's account records, the files that were referred to you by the -- your co-defendants and tell if calls were placed using the CRS dialer?

A. Sure. We can look to see what accounts were called with the dialer, but, like I testified to yesterday, we don't make a distinction to a home line or a cell line if it's provided to the client relying on that consent. So we don't break those accounts out.

Q. Okay. But do you have an idea of the number of accounts that were referred to your firm by the co-defendants in the four-year-period prior to the filing of the complaint?

A. I don't have those figures either.

Q. Do you have any estimate of the volume of such accounts?

A. I don't.

Q. Would it be fair to say that the number of accounts are in the thousands?

A. Yes.

Q. In excess of 10,000?

A. Over what period are we talking?

Q. Four years prior to the lawsuit having been commenced.

Deposition of Gulf Coast, contemporaneously filed in support of this motion, "Gulf Coast Deposition," page 57 line 23 through page 59 line 12.

If Plaintiff were to proceed with an effort to certify the class based on Gulf Coast's vague estimates regarding the size of the putative class, the Court may not find such testimony sufficient to certify a class.

5. At deposition Gulf Coast also articulated its opinion that to engage in discovery on numerosity would amount to the disclosure of protected information, and for that reason that it would not do so:

> Q. Okay. And to do that, do you know if your computer software has the ability to run a report showing the number of accounts that were provide without telephone numbers from your client?
>
> A. No, they don't break it down like that.
>
> Q. But it could be accomplished by looking at each account?
>
> A. Sure. Yeah, you could go through the thousands of accounts, each one, and say, yes, this one was turned over, this one wasn't.
>
> Q. Okay. And would it be possible to look at those accounts and tell which of those accounts had calls by the CRS dialer?
>
> A. Yes.
>
> Q. Okay. About how long would it take to look at one account to see if calls were made with the CRS dialer?
>
> A. You'd want to give a couple minutes per account to review it.
>
> Q. Okay. And those records would show also the date that the call was made, is that right?
>
> A. That's correct.

5

Q.  Okay.  Would you be willing to give us the list of accounts where calls had been placed with the CRS dialer, that is, accounts referred to you by your co-defendants where calls had been placed to the CRS dialer -- with the CRS dialer?

MR. KOHLMYER:  Well, given the fact that --

A.  No, it's protected health information.  I can't share that with you.

Q.  I see.  So the impediment would be the --

A.  Consumers rights of privacy.

Q.  -- protections?

A.  Yes.

Q.  Okay.

A.  I mean, we can't let you look at every single consumer who has visited the co-defendants.  I mean, that's just not proper.

Q.  Okay.

MS. PARSONS:  And, for the record, as you know, we raised that issue with you as well in our discovery request, that without a HIPAA protective order in place we could not share any information with you regarding any other patients that have been seen at West Side.

MR. YARBROUGH:  I'm aware of that.  Thank you.

Q.  But if that hurdle could be overcome, your concerns about protecting the privacy of the debtors, if that could be overcome, would you be willing to provide us with the number of accounts that had been called using the CRS dialer?

A.  I'm willing to do whatever my attorney gives me advice on what we need to turn over and, no, I don't want to voluntarily just open up my books and show you what we do.  If you have a right or something to it or my attorney says it's something we should provide, I do, but I'm not just going to say, come on in and see what sort of claims you can come up with, Don.

6

> Q.  I understand.  No, I wasn't suggesting you turn over the whole file, but I'll discuss that outside the deposition with your counsel.

Gulf Coast Deposition, page 60 line 21 through page 63 line 6.

Gulf Coast's counsel has subsequently informed Plaintiff's counsel that Gulf Coast does not believe that the provision of the telephone numbers would be a technical difficulty, but that Gulf Coast believes unequivocally that it needs Court approval to disclose the information, because even a confidentiality agreement would not be sufficient to protect Defendant from a claim that they have possibly disclosed confidential information to a third party. As Gulf Coast has suggested the need for a Court Order authorizing the disclosure before information is provided, Plaintiff thus moves the Court to compel Gulf Coast to perform the necessary analysis of its records, re-appear at deposition to testify as to the number of putative class members, and use a commercially available procedure known as a "cell phone scrub" to determine whether the numbers it called were cellular numbers, or turn over the relevant telephone numbers to Plaintiff, who will then conduct the cell phone scrub. In either event, Plaintiff will bear the cost of the cell scrub.

### **CERTIFICATION REQUIRED BY S.D. Fla. L.R. 7.1 A 3(a)**

The undersigned communicated with counsel for Defendants as detailed above.

WHEREFORE, Plaintiff respectfully requests that Gulf Coast be compelled to perform an analysis of its records in order to determine the number of class members, to re-appear at deposition to testify as to the number of class members, the method of compiling the data, and the data itself, and be compelled to either use a "cell phone

scrub" to determine whether the numbers it called were cellular numbers or be compelled to turn over the relevant telephone numbers to Plaintiff, who will then conduct the cell phone scrub, with Plaintiff to bear the cost of the cell phone scrub in either instance.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

O. Randolph Bragg, Esq.
HORWITZ, HORWITZ & ASSOC.
Suite 900
25 East Washington Street
Chicago, Illinois 60602
Telephone: (312) 372-8822
Fax:   (312) 372-1673
rand@horwitzlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-61936-Civ-Scola/Otazo-Reyes

MARK S. MAIS,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

GULF COAST COLLECTION BUREAU, INC.,
FLORIDA UNITED RADIOLOGY, L.C.
SHERIDAN ACQUISITION ASSOCIATES, P.A
and JACK W. BROWN, III

    Defendants.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on September 27, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              s/Donald A. Yarbrough
                                              Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Ernest H. Kohlmyer, III, Esq.
South Milhausen, P.A.
Gateway Center, Suite 1200
1000 Legion Place
Orlando, FL 32801
Telephone: 407-539-1638
Facsimile: 407-539-2679

Counsel to Gulf Coast Collection Bureau, Inc. and Jack W. Brown, III

Via Notices of Electronic Filing generated by CM/ECF

Mr. Jason S. Mazer, Esq.
Ver Ploeg & Lumpkin, P.A.
30 Floor
100 Southeast Second Street
Miami, FL 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558

Counsel to Florida United Radiology, L.C. and Sheridan Acquisition Associates, P.A

Via Notices of Electronic Filing generated by CM/ECF