UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 0:11-61936-SCOLA/ OTAZO-REYES

MARK S. MAIS, on behalf of himself
And all others similarly situated,

    Plaintiffs,

vs.

GULF COAST COLLECTION BUREAU, INC.,
FLORIDA UNITED RADIOLOGY, L.C.,
SHERIDAN ACQUISITION ASSOCIATES, P.A.
and JACK W. BROWN, III

    Defendants.
_____/

## CONFIDENTIALITY ORDER

THIS CAUSE having come before the Court upon Plaintiff Mark S. Mais, ("Plaintiff"), Gulf Coast Collection Bureau, Inc., Florida United Radiology, L.C., Sheridan Acquisition Associates, P.A. and Jack W. Brown, III (collectively, "Defendants") Joint Stipulation for Entry of a Confidentiality Order, and the Court having reviewed the Joint Stipulation, it is hereby ORDERED AND ADJUDGED as follows:

    1.    Definition of Confidential Information

"Confidential Information" is information (regardless of form) produced or furnished by a party or non-party in response to any party's discovery request or inquiry, formal or informal, which the designating party reasonably believes in good faith to constitute or contain information that is of the type referred to in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, which,

for the purpose of this Order, may include, without limitation, information related to research, development, or commercial information, or other confidential or proprietary information.

2. Designation of Confidential Information

Confidential Information, as the term is defined herein, may be designated as such by a party in writing, or orally if recorded as part of a deposition or court proceeding, and information which is derived therefrom. Information designated as Confidential Information shall include information whether disclosed during interviews, depositions, court proceedings, settlement discussions, or in a document, answer to an interrogatory, admission, production of tangible evidence, testimony or other discovery response or objection to discovery. Information which a producing party has made generally available to the public whether or not such publication was made in connection with this lawsuit shall not be designated as Confidential Information. A party may designate as "Attorneys' Eyes Only" Confidential Information that consist of highly proprietary business information, which should not be disclosed to another party's operational and business personnel, including, without limitation, trade secrets.

3. Identification of Documents Containing Confidential Information

A producing party shall, at the time of production of a document, designate to the other parties which documents are considered confidential by including on the document (or otherwise marking the document in a way that brings to the attention of a reasonable examiner, upon inspection of the document itself, the request for confidential treatment) the legend "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

Interrogatory answers, responses to requests for admission or production, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize or contain Confidential Information may also be stamped accordingly, but, to the extent feasible,

such materials shall be prepared in a manner such that the Confidential Information is bound separately from that not entitled to protection.

4. Limit on Copying

Confidential Information may be copied and summaries, digests, or abstracts may be made, but all such copies, summaries, digests and abstracts shall be regarded as Confidential Information and subject to the provisions of this Order.

5. Protection of Confidentiality

Confidential Information and any notes, summaries, digests, memoranda, exhibits or other documents that include or describe Confidential Information shall be retained by counsel of record and shall not be disclosed to any person except as provided herein. Persons to whom access to Confidential Information is given pursuant to this Order shall keep, and shall employ reasonable precautions to keep, Confidential Information secure in accordance with the purposes and intent of this Order.

6. Access to Confidential Information

Counsel for all parties are to be governed by the following restrictions in the use and disclosure of the Confidential Information produced and information derived therefrom.

Except on further application to the Court, Confidential Information may not be disclosed except for the purpose of litigating this action. For that purpose only, counsel for the parties may disclose such information to: (a) the Court and its support staff; (b) court or deposition reporters; (c) counsel of record in this litigation; (d) shareholders, partners, associates, secretaries, paralegal assistants, and employees of counsel of record, to the extent reasonably necessary to render professional services in this litigation; (e) named parties and their corporate affiliates, officers, directors, employers, employees or agents, to the extent reasonably necessary to render

professional services in this litigation; (f) persons with prior knowledge of the Confidential Information; and (g) jurors. In addition, for the purpose of litigating this action, Confidential Information may be disclosed to (a) outside experts or consultants retained for the purpose of assisting counsel for the parties in the litigation, (b) employees of third-party contractors providing litigation support services, and (c) witnesses, all to the extent reasonably necessary to render professional services in this litigation; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a confidentiality agreement, substantially in the form of Exhibit A hereto, containing the recital that the signatory has read and understands this Order and agrees to be bound by its terms, which agreement shall be retained by counsel of record for the party making the disclosure.

Confidential Information designated as "Attorneys' Eyes Only" may only be disclosed to: (a) the Court and its support staff; (b) court or deposition reporters; (c) counsel of record in this litigation; (d) shareholders, partners, associates, secretaries, paralegal assistants, and employees of counsel of record, to the extent reasonably necessary to render professional services in this litigation; (e) persons with prior knowledge of the Confidential Information; (f) designated expert witnesses; and (g) the in-house attorney (or attorneys) with responsibility for managing the Litigation for each party, as well as any in-house attorney in that person's (or persons') supervisory chain (including each party's general counsel) and assigned paralegal(s) or administrative staff. The individuals to whom disclosure of Confidential Information designated as "Attorneys' Eyes Only" is to be made must sign a confidentiality agreement, substantially in the form of **Exhibit A** hereto, containing the recital that the signatory has read and understands this Order and agrees to be bound by its terms, which agreement shall be retained by counsel of record for the party to which the Confidential Information is being disclosed. Nothing in this

provision shall limit either Party's ability to seek additional protection for any particular Confidential Information pursuant to Section 10 of this Agreement ("Right to Seek Additional Protection").

7. Depositions

Nothing contained in this Order shall prevent the use of Confidential Information, as defined herein, at depositions, with appropriate safeguards. In particular, unless otherwise agreed by the parties, a deponent who is not a party or a present officer, director, employee or representative of a party shall not be examined about Confidential Information and shall not have Confidential Information revealed to him or her unless he or she has been furnished with a subpoena or notice of deposition that attaches a copy of this Order and has read and signed a confidentiality agreement in the form of **Exhibit A**. Persons in attendance at depositions, other than those listed in Paragraph 6, may be limited at the request of a party during the disclosure of Confidential Information.

A party may designate on the record information disclosed during a deposition as Confidential Information.

Regardless of whether such information was designated as Confidential Information at the time of the deposition, each party shall have thirty (30) days after the deposition transcript has been made available to designate as Confidential Information those portions of the deposition testimony or exhibits that they deem to contain or reveal Confidential Information.

Until expiration of the thirty (30) day period, the entire deposition transcript shall be treated as Confidential Information under this Order depending on the designation used in the deposition, unless otherwise agreed by the parties. If no party timely designates information disclosed during a deposition as Confidential Information, then none of the deposition or its

exhibits (except those previously designated as Confidential Information) will be treated as designated.

If all or part of the transcript of deposition testimony or exhibits are treated as Confidential Information (whether by automatic operation of this Order or by a party so designating), but are used in other depositions, such Confidential Information and all portions of the transcripts of such other depositions and exhibits thereto which refer to such Confidential Information shall be treated as designated, and if filed with the Court, shall be filed in accordance with Paragraph 8 below.

8.  Confidential Information to be Filed with Court Under Seal

All portions of any pleadings, motions, briefs, memoranda or other documents filed with the Court purporting to reproduce, summarize or paraphrase Confidential Information shall be filed under seal or submitted to the Court in such other manner as the parties may agree in writing or the Court may order. A copy of the pleading, motion, brief, memorandum or other document, as the case may be, shall be filed in the public record with the confidential material redacted. If a party who originally designated information as Confidential Information makes use of such information in a pleading, motion, brief, memorandum or other document filed with the Court without following the provisions of this Paragraph, the confidentiality protection for that document shall be deemed waived by the party, but the waiver extends to that document only.

9.  Dispute as to Confidentiality

A party may contest the designation of any information as Confidential Information. A failure to challenge the designation shall not constitute agreement that it is valid and shall not prejudice any party. However, a party must challenge the other party's designation of a document as containing Confidential Information no later than sixty (60) days before the pretrial

conference or thirty (30) days after receipt of the designation of the document as confidential (whichever is later), or be deemed to have waived its right to challenge that designation.

If a party objects, in writing, to another party's designation of information as Confidential Information, and the parties are unable to resolve the dispute within thirty (30) calendar days of receipt of that writing, then the party alleging that the specified information is Confidential Information shall, within ten (10) calendar days thereafter, seek an appropriate order from the Court and have the burden of proving by the preponderance of the evidence that the material is properly classified for the protection sought. The information shall be treated as so designated until the motion is determined or until the expiration of the ten (10) day period if the disclosing party does not file a motion within that time.

10. Right to Seek Additional Protection

Any party may seek additional protection from the disclosure and use of any documents or information for which it believes this Order does not provide adequate protection or with respect to documents and information which it believes are not subject to disclosure pursuant to applicable statutes, rules, regulations or other applicable law.

11. Amendment

This Order may be amended by the written agreement of counsel for the parties in the form of a stipulation subject to approval by the Court. Nothing in this Order shall prevent any party from seeking modification of this Order by the Court or from compelling or objecting to discovery that it believes to be otherwise improper for any reason cognizable under the Federal Rules of Civil Procedure or Evidence.

12. <u>Oral Argument, Trial and Post-Trial</u>

This Order shall in no event apply to any oral arguments before the Court or trial to the triers of fact in this case, although any party may seek a protective order with respect thereto. It shall apply post-trial to any designated information not in the public record.

13. <u>Disposition on Termination of Action</u>

Within sixty (60) days of the entry of a Judgment or Order finally terminating this action, including all appeals, and unless the parties agree otherwise, each party shall:

a.  assemble and either turn over to counsel for the producing party or destroy all documents designated as Confidential Information produced by that party, all copies thereof, and all materials, documents, summaries, digests, and abstracts containing Confidential Information and all copies thereof, provided, however, that counsel of record for each party may retain one set of pleadings, documents filed with the Court, depositions, and discovery responses, and may retain any documents and copies thereof which are work product, said materials to remain subject to this Order: and

b.  each party's counsel shall certify in writing that the procedures set forth in Paragraph 13(a) above have been completed.

14. <u>Retained Jurisdiction</u>

The Court shall retain jurisdiction to make such amendments, modifications and additions to this Order as the Court may from time to time deem appropriate. The Court shall further retain jurisdiction to resolve any disputes concerning the disposition of materials containing Confidential Information at the termination of this action.

CASE NO.: 0:11-61936-SCOLA/ OTAZO-REYES

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this __15__ day October, 2012.

ROBERT N. SCOLA
United States District Judge

Copies furnished to:
All counsel of record