# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BRENNAN,

    Plaintiff,

v.                                                      Case No. 12-cv-10551

NATIONAL ACTION FINANCIAL SERVICES,
INC.,

    Defendant.
                                                 /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S "MOTION FOR LEAVE TO AMEND COMPLAINT"**

On June 20, 2012, Plaintiff filed a motion for leave to amend his complaint. Plaintiff seeks to add five defendants, three allegedly-violated provisions of the Fair Debt Collection Practices Act, additional facts related to his claim arising under the Fair Debt Collection Practices Act, and a new claim seeking to pierce the corporate veil of Emory Enterprises, LLC to hold its officers personally liable. Defendant stipulated to the inclusion of one of the proposed defendants, Emory Enterprises, LLC, but filed a response in opposition to the remaining amendments on July 6, 2012. Having reviewed the briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will grant in part the motion and deny in part the motion.

## I. BACKGROUND

On February 8, 2012, Plaintiff Joseph Brennan filed a lawsuit against Defendant National Action Financial Services, Inc. ("NAFS, Inc.") claiming that NAFS, Inc.'s debt collection efforts violated provisions of the Fair Debt Collection Practices Act ("FDCPA"), Telephone Consumer Protection Act ("TCPA"), and Michigan Occupational Code ("MOC"). The parties began discovery during which Defendant, on May 3, 2012, revealed that NAFS, Inc. sold its assets to Emory Enterprises, LLC ("Emory") via a purchase agreement on August 1, 2011. Pursuant to the acquisition, Emory d/b/a National Action Financial Services ("NAFS") took over the third-party collections previously conducted by NAFS, Inc. Defendant maintained in the discovery response that Plaintiff had sued the wrong party because NAFS, Inc. allegedly did not attempt to collect from Plaintiff prior to Emory purchasing NAFS, Inc.

The officers of NAFS, Inc. hold the same or similar positions in Emory. John S. Farinacci serves as the President of NAFS, Inc. and the President/Manager of Emory. Paul F. Labaki is the Vice President and Secretary of both NAFS, Inc. and Emory. Jennifer Anderson is the Auto-dialing Licensing Administrator for NAFS, Inc. and Emory. As discovery continued, Emory revealed on June 6, 2012 that David E. Garner as owner, director, and manager of Emory purchased NAFS, Inc. On June 20, 2012, Plaintiff filed a motion for leave to amend his complaint and proposed the following amendments: (1) adding as defendants Emory, Farinacci, Labaki, Anderson, and Garner; (2) including additional facts related to the FDCPA violations and three specific provisions of the FDCPA that Defendant allegedly violated; and (3) a new count seeking to pierce Emory's corporate veil and hold Emory's officers personally liable.

Defendant stipulates to the addition of Emory but objects to the inclusion of all remaining proposed amendments. Plaintiff accordingly requested the court's leave to amend.

## II. STANDARD

Federal Rule of Civil Procedure 15 governs when a pleading may be amended. After twenty-one days of serving a pleading or service of a responsive pleading, a party may amend its pleading only with the opposing party's written consent or at the court's leave. Fed. R. Civ. P. 15(a)(1)–(2). Courts "should freely give leave when justice so requires." *Id.* The Supreme Court explained that leave should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Whether an amendment is granted is subject to the district court's discretion. *Id.*

## III. DISCUSSION

Plaintiff seeks the court's leave to add: (1) five parties as defendants; (2) additional provisions of the FDCPA and facts relating to the FDCPA claim; and (3) a new count to pierce Emory's corporate veil. Defendant argues that each of these proposed amendments is futile. The court will address each amendment in turn and will grant in part the motion and deny in part the motion.

3

## A. New Defendants

Plaintiff seeks to add five new defendants to the complaint: Emory, Farinacci, Labaki, Garner, and Anderson. Defendant has stipulated to including Emory but disputes the addition of the remaining four parties. Defendant argues that the "additional amendments are futile," but fails to provide any explanation beyond this conclusory assertion as to why adding the parties as defendants would be futile.

A "proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Federal Rule of Civil Procedure 12(b)(6) allows a claim to be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Count II of Plaintiff's proposed amended complaint asserts that Farinacci, Labaki, Garner, and Anderson violated section 217 of the TCPA, which reads in part:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*.

Telephone Consumer Protection Act, 47 U.S.C. § 217 (emphasis added).

It is unsettled as to whether officers can be held personally liable under section 217 of the TCPA. The few courts who have addressed the issue have reached opposite conclusions. *Compare Texas v. Am. Blastfax, Inc.*, 167 F. Supp. 2d 892, 898 (W.D. Tex. 2001) ("[A]n officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved. Individuals who directly . . . violate

4

the TCPA should not escape liability solely because they are corporate officers.") *with*

*Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 960–61 (D. Minn. 2006) ("The Court finds that the context of the common carrier regulations provided for in 47 U.S.C. § 201–217, does not support Plaintiff's interpretation of a 'person' which would extend liability beyond an individual 'engaged as a common carrier for hire' and impose liability on the employees and/or officers of such common carriers who have only engaged in such conduct through and for a corporation."). In light of such confusion, it is unclear whether Plaintiff states a claim against the proposed Defendants upon which relief can be granted. However, Plaintiff has not brought a claim under which he undoubtedly *cannot* obtain relief. The court heeds the Supreme Court's holding that courts should freely give leave to allow parties to amend complaints. *Forman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").

Defendant has failed to provide any substantive reasoning as to why the parties should not be included beyond simply asserting futility. Indeed, it does not seem that adding the proposed parties will cause undue delay or prejudice to Defendant. "[O]utright refusal to grant the leave without any justifying reason appearing for the denial in not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* Plaintiff is thereby granted leave to add Farinacci, Labaki, Garner, and Anderson to his complaint.

### B. Additional FDCPA Facts and Provisions

Plaintiff seeks to add facts learned from Defendant's discovery responses as well as more precisely state his claims under the FDCPA. In his original complaint, Plaintiff

5

alleged that Defendant "violated the provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692d." (Compl. ¶ 21, Dkt. # 1.) In addition to that provision, Plaintiff now wishes to include violations of 15 U.S.C. §§ 1692(d)(5)–(6) and 15 U.S.C. § 1692(f). Plaintiff's new facts allege that Emory, in addition to NASF, Inc., engaged in debt collection conduct using an automatic telephone dialing system and that NAFS, Inc. and Emory placed collection calls to Plaintiff's wife in order to harass Plaintiff.

Defendant again has failed to provide any argument as to why the court should not allow Plaintiff to amend its complaint to add these additional facts and alleged FDCPA violations. There being no apparent risk of undue prejudice to Defendant, Plaintiff is granted leave to add these facts and FDCPA provisions.

### C. Corporate Veil Piercing Count

Finally, Plaintiff proposes to include a new count against Defendant to pierce Emory's corporate veil and hold its officers personally liable. Defendant maintains that the new count is futile because piercing the corporate veil is not a cause of action and, alternatively, because Plaintiff has not alleged sufficient facts to survive a Rule 12(b)(6) motion to dismiss. In briefing, the parties disagreed over what law would govern the corporate veil piercing standard. Defendant asserts that New York law should apply pursuant to the choice of law provision in the purchase agreement between NAFS, Inc. and Emory. Plaintiff argues that federal common law dictates the corporate veil piercing standard because Plaintiff's first two claims arise under two federal statutes, the FDCPA and TCPA, respectively.

However, a choice of law analysis is unnecessary at this stage of the litigation. It is well established that piercing the corporate veil is not itself a cause of action. *See,*

6

*e.g.*, *In re RCS Engineered Prods. Co.*, 102 F.3d 223, 226 (6th Cir. 1996) ("[A]n alter ego claim is not by itself a cause of action.") (applying Michigan law); *Morris v. N.Y. State Dep't of Taxation and Fin.*, 82 N.Y.2d 135, 143 (1993) ("[A]n attempt of a third party to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners."); *In re Tex. Am. Express, Inc.*, 190 S.W.3d 720, 725–26, (Tex. App. 2005) ("The doctrines that support piercing the corporate veil do not create substantive causes of action. The claim is purely remedial.") (citations omitted). Instead, piercing the corporate veil is an equitable remedy that provides a party with a means to impose liability on an underlying cause of action. *See, e.g.*, *Tamko Roofing Prods., Inc. v. Smith Eng'g Co.*, 450 F.3d 822, 826 n.2 (8th Cir. 2006) ("[P]iercing the corporate veil under an alter ego theory is best thought of as a remedy to enforce a substantive right, and not as an independent cause of action."); *Peetoom v. Swanson*, 334 Ill. App. 3d 523, 527 (Ill. App. Ct. 2002) ("The doctrine of piercing the corporate veil is an equitable remedy; it is not itself a cause of action but rather is a means of imposing liability on an underlying cause of action, such as a tort or breach of contract.").

As piercing the corporate veil is a remedy rather than a claim, Count IV of Plaintiff's proposed amended complaint fails to state a cause of action upon which relief can be granted. The proposed amendment is thereby futile, and the court denies Plaintiff leave to include this new "claim."

7

## IV.  CONCLUSION

Accordingly, IT IS SO ORDERED that Plaintiff's "Motion for Leave to Amend Complaint" [Dkt. # 15] is GRANTED IN PART AND DENIED IN PART.  It is GRANTED in that Plaintiff may add (1) Emory, Farinacci, Labaki, Anderson, and Garner as defendants; and (2) additional provisions of the FDCPA and facts related to the FDCPA violations.  It is DENIED in that Plaintiff may not add "Count IV – Corporate Veil Piercing" to the Complaint.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated:  September 7, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 7, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522