UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61936-Civ-Scola

MARK S. MAIS et al.,

    Plaintiffs,
v.

GULF COAST COLLECTION
BUREAU, INC., FLORIDA
UNITED RADIOLOGY, L.C.,
SHERIDAN ACQUISITION
ASSOCIATES, P.A., and
JACK W. BROWN III,

    Defendants.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on the Motion for Summary Judgment [ECF No. 64], filed by Defendant Jack W. Brown III ("Brown"). For the reasons set forth below, Brown is entitled to summary judgment as to his individual liability under the TCPA.

### Introduction

In 2009, Defendant Gulf Coast Collection Bureau, Inc. ("Gulf Coast") allegedly called and left non-emergency voice messages on Plaintiff's cell phone using an automatic telephone dialing or message system, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227 (b)(1)(A)(iii). *See* First Am. Compl. ¶ 24. Plaintiff failed to pay a medical debt to Florida United Radiology, L.C. ("Florida United") in the amount of $49.03, and the account was referred to Gulf Coast for collection purposes by Florida United's billing vendor. *See id.* ¶ 14. Gulf Coast uses automated dialing equipment to place debt collection calls. *See* Brown First Corp. Dep. at 6. There is no human involvement except for entering the telephone numbers into the system. *See id.* at 7. Once that is done, the system and computer software will automatically dial numbers and link the call back to a live operator if there is a connection. *See id.* If no one answers, the system will leave a prerecorded message.

In June 2009, Gulf Coast had implemented, or was in the process of implementing, a TCPA compliance procedure designed to distinguish between cell phone lines and residential lines. *See id.* at 41. The phone number that Gulf Coast received for Plaintiff was incorrectly identified as a home number, not a cell number. *See* Brown Second Corp. Rep. Dep. at 75-76; *see also* Brown First Corp. Dep. at 13. Gulf Coast's policy was to call residential and cell numbers alike, on the theory that the debtor had consented to such calls at the time of receiving medical care. *See* Brown Second Corp. Rep. Dep. at 21-22, 50, 55-56. This consent theory is allegedly based on federal agency interpretation of the TCPA. *See id.* at 55-56. If the debtor indicates that a number is a cell phone and asks not to be called on that line, Gulf Coast removes the number from the database and considers the debtor's consent withdrawn. *See id.* at 21-22.

Brown is allegedly "vice president and 20% owner of" Gulf Coast and the person who "control[led] the policies and practices of [Gulf Coast] regarding the TCPA and [who] authorized those policies and practices complained of herein." *See* First Am. Compl. ¶ 5. In deposition, Brown admitted he was the person responsible for ensuring Gulf Coast developed policies in compliance with the TCPA. *See* Brown First Corp. Dep. at 41. He was also responsible for authorizing the automated dialing system used to place debt collection calls to persons such as the Plaintiff. *See* Brown Indiv. Dep. at 5. However, Brown was not actively or personally involved in the collection of Plaintiff's debt, and did not personally have any role in dialing the automated system. *See* Brown Aff. ¶ 8. Aside from the allegations above, the Complaint does not name Brown in any count and does not assert any cause of action against him personally.

Brown moves for summary judgment, arguing that he cannot be held individually liable under the TCPA. *See* Mot. at 5-9. According to Brown, the undisputed facts and evidence are insufficient to justify piercing the corporate veil and finding him personally liable for conduct undertaken in his corporate capacity. *See id.* Plaintiff responds that Brown's personal liability is not based on his status as corporate officer, and is not premised on piercing the corporate veil. Instead, Plaintiff contends that individual liability is premised on Brown's "personal involvement in the violations complained of" and "his control of and authorization of the policies and practices of Gulf Coast that violate the TCPA." *See* Resp. at 2. In reply, Brown states that he did not directly participate in any wrongful conduct and that the policies he authorized complied with the relevant statutory requirements. *See* Reply at 2-3.

### Legal Standard

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *See Alabama v. North Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial," and "[o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). When the burden shifts, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings," but must "go beyond [them]" and affirmatively "set forth specific facts showing that there is a genuine issue for trial." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citations omitted); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986) (citations omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984).

Under Rule 56, the Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue of material fact remains. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir.2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. A court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007).

### Legal Analysis

Initially, the Court finds that Brown is entitled to summary judgment on procedural grounds. As the Supreme Court has said, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the Complaint names Brown as a party defendant and alleges that he was "vice president and 20% owner of" Gulf Coast and the person who "control[led] the policies and practices of [Gulf Coast] regarding the TCPA and [who] authorized those policies and practices complained of herein."

*See* First Am. Compl. ¶ 5.  But the Complaint contains no other factual allegations against Brown and fails to assert any cause of action against him personally.  "Obviously, no relief can be granted where a plaintiff does not assert any substantive causes of action against a particular defendant."  *See Van Vechten v. Elenson*, 2013 WL 359750, at *10 (S.D. Fla. Jan. 29, 2013) (Scola, J.).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678.

Plaintiff never sought leave to amend the Complaint to fix this deficiency and the deadline to do so passed more than six months before Brown moved for summary judgment.  Generally speaking, a party cannot amend its pleadings solely through argument at the summary judgment stage.  *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314-15 (11th Cir. 2004).  Furthermore, "[a] plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)."  *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n. 2 (11th Cir. 1998).  The "good cause" standard of Rule 16(b) precludes a belated amendment unless the deadline in the scheduling order could not have been met "despite the diligence of the party" seeking leave.  *See Southern Grout & Mortars*, 575 F.3d at 1241 n.3 (citations omitted); *see also Sosa*, 133 F.3d at 1418.  The Eleventh Circuit has affirmed the denial of leave to amend at this stage of the proceedings before.  *See Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002); *Southern Grout & Mortars*, 575 F.3d at 1242.  In failing to realize the need for amendment prior to Brown's motion for summary judgment (and, for that matter, even after), Plaintiff has not shown the kind of diligence that Rule 16(b) demands.  Therefore, if amendment had been sought at the time of summary judgment, the Court would have denied it.

Because the Complaint fails to plead any substantive cause of action against Brown individually and otherwise contains scant factual allegations as to his role in the conduct complained of, the Plaintiff cannot obtain any relief from Brown as a matter of law.  *See, e.g.*, *Pate v. Ober*, 2011 WL 2632101, at *2 (M.D. Fla. July 5, 2011) (dismissing complaint as to particular defendant because it asserted no causes of action against him); *Conrad v. The Educ. Res. Inst.*, 652 F. Supp. 2d 1172, 1181-82 (D. Colo. 2009) (same); *Goines v. CIT Group, Fin., Assignor*, 2012 WL 1551712, at *3 (S.D. Tex. May 1, 2012) (same).  Accordingly, Brown is entitled to summary judgment on this procedural ground.

Alternatively, Brown is entitled to summary judgment on the merits. While several cases, including *Texas v. American Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001), have found corporate officers may be individually liable under the TCPA, those decisions have all required the direct commission or authorization of wrongful acts by the corporate officer.[1] *See, e.g.*, *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011); *Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F. Supp. 2d 1316, 1321 (D. Wyo. 2011); *Baltimore-Washington Tel. Co. v. Hot Leads Co., LLC*, 584 F. Supp. 2d 736, 745 (D. Md. 2008). Thus, under those cases, Brown is not liable unless he committed, directly participated in, or otherwise authorized the commission of wrongful acts within the scope of his employment as a corporate officer of Gulf Coast. *See Am. Blastfax*, 164 F. Supp. 2d at 898. In order for Brown's conduct to rise to that level here, the Court finds Plaintiff would have to show that Brown failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA, or that he authorized or personally engaged in conduct that clearly violated the TCPA.

No such facts are present in this case. While Brown is the person who allegedly "authorized the use of Gulf Coast's dialer," *see* Resp. at 4, there is no evidence of plainly violative conduct by Brown personally; indeed, there is no evidence that he had anything personally to do with the calls made to Plaintiff or any putative class member. Instead the evidence shows that he, as the person responsible, attempted to implement policies that conformed with the TCPA. For example, he stated in deposition that Gulf Coast had a procedure in place to identify which telephone numbers belonged to cell phones and that Gulf Coast made an effort to identify those numbers when accounts were forwarded for collection. Although he also stated that the company had a policy of calling cell phones and residential lines

---

[1] This Court is unaware of any case from the Eleventh Circuit directly addressing whether individual corporate officers may be held personally liable under the TCPA. Absent such binding authority, the Court considers the cases cited above to the extent that they have the power to persuade. *See Fishman & Tobin, Inc. v. Tropical Shipping & Const. Co., Ltd.*, 240 F.3d 956, 965 (11th Cir. 2001). While the Court agrees that officers may be held personally liable when they "directly participate in or authorize the commission of a wrongful act, even if the act is done on behalf of the corporation," *see Am. Blastfax*, 164 F. Supp. 2d at 898, the Court does not necessarily endorse, or find persuasive, the way in which that legal principle has been applied by other district courts. In this Court's view, personal liability should be the exception rather than the rule and should require something more than mere control and authority over policies and practices that happen to violate the law. Some showing of intentional misconduct or gross failure to implement policies that comply should be required. To the extent that the above-cited decisions would impose liability upon a lesser showing, this Court rejects them.

indiscriminately, that policy was based on the theory that the debtors had consented to such calls by tendering their phone numbers to their medical providers at the time of treatment.

This consent theory, even if legally mistaken, was, as Brown testified, implemented on the basis of a federal agency interpretation of the law.  In this Court's view, doing something on the basis of an agency interpretation of federal law, even if incorrect, does not amount to the ***direct commission, approval, or authorization of wrongful acts*** so as to trigger individual liability.  In addition, Brown stated that if a debtor indicated his or her cell phone had been called and requested that no further calls be made to that line, the company would deem consent withdrawn and would remove that person's number from the database.  This policy or practice, authorized by Brown, also evidences an intent to comply with the TCPA.

While the Court passes no judgment here on whether the chosen policies were sufficient under the TCPA, and likewise does not comment on whether Gulf Coast is liable for any violations, the undisputed record evidence is insufficient to find Brown individually liable for personally authorizing or participating in the commission of wrongful acts.  This Court is unwilling to find a corporate officer individually liable where he attempted to implement policies that complied with the statute and did not have any direct participation in the allegedly violative conduct, even if the corporation is itself liable.  To hold otherwise, would countenance personal liability for corporate officials too easily.  Corporate officers are generally not liable merely because the corporation has violated the law, and this Court is not going to leave the door wide open for such liability here.

## Conclusion

For the reasons explained above, the Court finds that Brown is entitled to summary judgment.  According, his Motion for Summary Judgment [ECF No. 64] is **GRANTED**.

**DONE and ORDERED** in chambers at Miami, Florida on March 27, 2013.

_____
ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of record