UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61936-Civ-RNS

MARK S. MAIS,

    Plaintiff,
v.

GULF COAST COLLECTION
BUREAU, INC., et al.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court upon the Defendant Gulf Coast Collection Bureau, Inc.'s Motion for Reconsideration of Order Denying its Summary Judgment and Granting Plaintiff's Motion for Partial Summary Judgment [ECF No. 200].

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id*. "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

The Court finds no occasion to revisit its prior ruling here. In its Motion, Gulf Coast repackages and rehashes arguments previously made, while also presenting arguments never before advanced. At bottom, Gulf Coast's request for reconsideration amounts to nothing more than a complaint that the Court got it wrong and should go back and re-think what it already

carefully considered.  Reconsideration motions may not be used "to ask the Court to rethink what the Court [ ] already thought through – rightly or wrongly." *See Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (Gold, J.) (citation omitted).  Nor are such motions designed "to permit losing parties to prop up arguments previously made or to inject new ones," nor "to relieve a party of the consequences of its original, limited presentation." *See Miss. Valley Title Ins. Co.*, 2012 WL 5328644, at *1 (S.D. Ala. Oct. 26, 2012) (Steele, J.).  The bulk of the arguments that Gulf Coast presents were considered and rejected by the Court the first time around and, upon reviewing them a second time here, the Court once again finds them to be unavailing.  As for the ones not presented before, the Court will not relieve Gulf Coast of the consequences of its original, limited presentation by considering them now.

Accordingly, for the reasons set forth above, it is hereby **ORDERED and ADJUDGED** that Gulf Coast's Motion for Reconsideration [ECF No. 200] is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida on May 23, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**