UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-61936-Civ-Scola

MARK S. MAIS,
on behalf of himself and
all others similarly situated,

        Plaintiff,

v.

GULF COAST COLLECTION
BUREAU, INC.,

        Defendant.
_____/

**PLAINTIFF'S MEMORANDUM
PURSUANT TO ORDER OR MAY 8, 2013**

Pursuant to the Order of May 8, 2013 [DE 198], Plaintiff Mark S. Mais submits the following Memorandum.

Defendant Gulf Coast Collection Bureau, Inc.'s motion for summary judgment was denied, and Plaintiff's motion for partial summary judgment was granted in part by Order of May 8, 2013 [DE 198]. The Order also granted summary judgment in favor of Defendants Florida United Radiology, L.C., Sheridan Acquisition Associates, P.A. and dismissed them from this case. Plaintiff's motion for class certification was denied without prejudice. Therein the Court directed the parties to file memorandum of law "addressing whether a class certification motion may be

entertained after the named plaintiff has obtained partial summary judgment in his favor." *Id*. at page 22 of 22[1]; *Mais v. Gulf Coast Collection Bureau, Inc.*, --- F.Supp.2d ----, 2013 WL 1899616, *16 (S.D.Fla., May 8, 2013). Plaintiff submits the following response.

On December 19, 2012 Defendant Gulf Coast Collection Bureau, Inc. ("GCC") filed its motion for summary judgment [DE 119] and Defendants Florida United Radiology, L.C. and Sheridan Acquisition Associates, P.A. filed their motion for summary judgment [DE 120] which lead to the May 8, 2012 Order.[2] Subsequently, on January 29, 2013 Plaintiff Mark S. Mais filed his motion for partial summary judgment [DE 156] and on February 4, 2013 his motion for class certification [DE 160].

The Eleventh Circuit has held that it is "within the court's discretion to consider the merits of the claims before their amenability to class certification.". *Telfair v. First Union Mortgage Corp.,* 216 F.3d 1333, 1343 (11th Cir.2000) (citations omitted). Also see: *Curtin v. United Airlines, Inc.,* 275 F.3d 88, 92 (D.C., Cir. 2001). As a leading treatise on class actions has stated: "Initial class rulings may be made

---

[1] Page numbering refers to the page numbers inserted in the upper right corner of each page of the document by the Case Management / Electronic Case Filing (CM/ECF) system.

[2] Defendant Jack W. Brown III's motion for summary judgment [DE 64] was granted by Order of March 27, 2013 [DE 194].

before, after, or simultaneously with the disposition of other motions." 3 *Newberg on Class Actions* § 7.15 (4th ed. 2002). Also see: <u>Mais v. Gulf Coast Collection Bureau, Inc.</u>, supra at 2013 WL 1899616, *3-*4. "[A] district court may consider the merits of a plaintiff's case in an action denominated as a class action by ruling upon a motion for summary judgment (or a motion to dismiss) prior to ruling upon a motion for class determination or requiring that notice be sent to the class, once a class has been determined. Nothing in either the *Eisen* decision nor Rule 23 itself precludes such a result." <u>Haas v. Pittsburgh Nat. Bank</u>, 381 F.Supp. 801, 803 (W.D.Pa. 1974), *judgment aff'd in part, rev'd in part*, 526 F.2d 1083 (3d Cir. 1975). See also <u>Hutchinson v. Wickes Companies, Inc.</u>, 726 F.Supp. 1315, 1322 (N.D.Ga. 1989) (ERISA) (class certification was not necessary before a ruling on plaintiffs' motion for partial summary judgment on failure to exhaust administrative remedies issue.) The *Manual for Complex Litigation Fourth* §21.133 (Federal Judicial Center 2004) (footnotes omitted) has observed that "one study found a substantial rate of precertification rulings on motions to dismiss or for summary judgment. Precertification rulings frequently dispose of all or part of the litigation."

The Ninth Circuit has held that "by obtaining summary judgment before the class has been certified and notice has been sent, the defendants waived any right to compel the plaintiff to notify the class of the pending action." *Schwarzschild v. Tse*,

69 F.3d 293, 295 (9th Cir. 1995).  Where the defendant has been determined to be liable on the merits, the district court may order the class action defendant to pay the costs of class notification.  *Hunt v. Imperial Merchant Services, Inc.*, 560 F.3d 1137, 1144 (9th Cir. 2009).

Here Defendants filed their respective motions for summary judgment prior to the determination of class certification or notice to the class.  This is a common tactic. *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir. 1995).  By doing so, Defendants have waived any objection to one-way intervention which might arise from certification made after the court ruled on the merits of their motions for summary judgment.  *Vander Luitgaren v. Sun Life Assur. Co. of Canada*, 2012 WL 5875526, *1 fn 1 (D.Mass., Nov. 19, 2012); *Williams v. Lane,* 129 F.R.D. 636, 647 (N.D.Ill. 1990) (noting that certification prior to the merits protects against "one-way intervention" by class members, and holding that a defendant implicitly waived objection on this basis by seeking a favorable decision on the merits).  Plaintiff's Motion for Class Certification  [DE 160] was pending during Defendants' motions for summary judgment [DE 119 and 120].  Here the determination of the motions for summary judgment has provided an efficient method to address the complex issues of the Telephone Consumer Protection Act, 47 U.S.C. §§227 *et al.* (hereinafter "TCPA"), before determining Plaintiff's motion for class certification.  See: *Smith*

*v. Short Term Loans*, 2001 WL 127303, *4 (N.D.Ill., Feb. 14, 2001) ("Given that there is doubt about the merits of the named plaintiffs' claims, and given that the defendants' motion to dismiss and motion for summary judgment are fully briefed, the court finds that it is in the interest of judicial economy to weed out the plaintiffs' meritless claims before addressing the complex class certification issues in this case.")  Since the 2003 Amendments to the Federal Rules of Civil Procedure, the revised language of Rule 23(c)(1)(A) allows courts to rule on dispositive motions before class certification.  *See:*  *Good v. Altria Group, Inc.*, 231 F.R.D. 446, 447 (D.Me.2005).

> [C]onsidering the advisory committee notes to the 2003 Amendments to Rule 23, and noting that the Defendant's Motion for Summary Judgment will be fully briefed shortly, the Court finds that, in this case, it is in the interests of judicial economy and efficiency for the Court to rule on the motion for summary judgment prior to the motion for class certification in order to determine whether the claim of the named Plaintiff lacks merit and thus whether the motion for class certification is moot. Further, the Court finds that by requesting to proceed first with summary judgment as opposed to class certification, the Defendant has waived the protection of subsequent suits under Rule 23(b)(1)(A).

*Talley v. NCO Financial Systems, Inc.*, 2006 WL 2927596, *2 (N.D.Ind., Oct. 12, 2006) (citation omitted).  Thus, it is appropriate for the Court to allow Plaintiff to submit a renewed motion for class certification even though Defendants' motions for summary judgment have been decided.

5

In *In re Physician Corp. of America Securities*, 2002 WL 34477593, *5 fn 7 (S.D.Fla., July 24, 2002), Judge Jordan determined to address the motion for class certification after deciding defendants' motion for summary judgment. Likewise, Plaintiff should be permitted to proceed with his motion for class certification.

## II. CONCLUSION

Because Defendants' submission of their motions for summary judgment prior to determination of class certification waived any objection to the determination of class certification until after a ruling on summary judgment, Plaintiff should be permitted to proceed with his motion for class certification.

s/Donald A. Yarbrough
DONALD A. YARBROUGH, ESQ.
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
don@donyarbrough.com

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

**ATTORNEYS FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-61936-Civ-Scola/Otazo-Reyes

MARK S. MAIS,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

GULF COAST COLLECTION BUREAU, INC.,
FLORIDA UNITED RADIOLOGY, L.C.
SHERIDAN ACQUISITION ASSOCIATES, P.A
and JACK W. BROWN, III

    Defendants.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 31, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                s/Donald A. Yarbrough
                                Donald A. Yarbrough, Esq.

**SERVICE LIST**

Mr. Ernest H. Kohlmyer, III, Esq.
Urban, Thier, Federer & Chinnery, P.A.
Suite 2000
200 South Orange Avenue
Orlando, FL 32801
Telephone: 407-245-8352
Facsimile: 407-245-8361

Counsel to Gulf Coast Collection Bureau, Inc. and Jack W. Brown, III

<u>Via Notices of Electronic Filing generated by CM/ECF</u>

Mr. Jason S. Mazer, Esq.
Ver Ploeg & Lumpkin, P.A.
30 Floor
100 Southeast Second Street
Miami, FL 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558

Counsel to Florida United Radiology, L.C. and Sheridan Acquisition Associates, P.A

<u>Via Notices of Electronic Filing generated by CM/ECF</u>