UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-cv-61936-Scola/Otazo-Reyes

MARK S. MAIS, on behalf of
himself and all others similarly
situated,

Plaintiff,

v.

GULF COAST COLLECTION
BUREAU, INC., FLORIDA
UNITED RADIOLOGY, L.C.,
SHERIDAN ACQUISITION
ASSOCIATES, P.A.,
and JACK W. BROWN, III,

Defendants.
_____/

## **DEFENDANT, GULF COAST COLLECTION BUREAU, INC., RESPONSE IN OPPOSITION TO CLASS CERTIFICATION WITH MEMORANDUM OF LAW**

COME NOW the Defendant, GULF COAST COLLECTION BUREAU, INC., by and through their undersigned counsel, hereby file its Memorandum of Law in Opposition to the Class Certification [D.E. 198], and hereby state as follows:

On May 8, 2013, this court granted Plaintiff's Motion for Partial Summary Judgment finding that Defendant, GCCB, violated the Telephone Consumer Protection Act ("TCPA") in its attempted debt collection communications with the Plaintiff. **[See Dk. 198]** As a part of that ruling, the court provides the Parties the opportunity to address whether *"a class certification motion may be entertained after the named plaintiff has obtained partial summary judgment in his favor."* **[Dk 198 at 22]** The court has thus temporarily dismissed Plaintiff's class certification motion to address this very specific and limited issue.

1

The Defendant asserts that this court's May 8, 2013 order now precludes class certification as the court conducted an independent and specific factual inquiry into the allegations of the Plaintiff and granted a specific judgment finding that Defendant's 15 attempted communications with the Plaintiff violated the TCPA.  Based on this very specific factual inquiry as to whether Mais provided prior express consent to the original creditor, Florida United Radiology, and/or the Defendant, GCCB, now would require the court to conduct a "rigorous analysis" in deciding to certify a class. See: General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982)  In order to conduct such a high level of analysis, this court would be required, especially in the "commonality" and "typicality" requirements under Rule 23, to review each potential patient's individual circumstances as to individualized "consent." To conduct an individualized consent review would be so pervasive as to predominate over issues that may be common to the class.

Second,  Defendant assert that the court seeks to review Plaintiff's claim for treble damages against the Defendant in an attempt to demonstrate before a jury that Defendant allegedly acted willfully and knowingly in its conduct in communicating with the Plaintiff.  The court declined to reconsider Defendant's argument that there was no evidence of such conduct given the fact that Defendant relied in good faith on a binding FCC ruling as well as other judicial opinions as the interpretation of "prior express consent"  However, in Manno, this court reasoned that such an argument is of no concern since the court could elect in its discretion, not to impose such sanctions, based on such reliance *"upon an FCC ruling, embraced by other courts, regarding the issue of uniform consent."*  **[Manno, Dk 197 at 5]**  In this matter, Plaintiff's counsel has yet to forego willful and knowing damages and therefore, the Defendant seeks the court to decline class certification based on this issue.

Finally, the Defendant notes that the court has already addressed the sequence of rulings on class action cases and has referred that the Eleventh Circuit allows the trial court the discretion to reverse the order of things and to *"consider the merits of the [plaintiff's] claims before [ruling on] their amenability to class certification" See:* <u>Telfair v. First Union Mortg. Corp</u>., 216 F.3d 1333, 1343 (11th Cir. 2000)  In addition, the court notes the advantages and disadvantages of the order in which dispositive motions and class certification are filed and ruled on by the court and, as such, elected to choose ruling on the summary judgment motions prior to class certification in this case.[1]

The court and well as the parties to this litigation are well aware that this court has granted class certification in the case <u>Stephen M. Manno v. Healthcare Revenue Recovery Group, LLC,</u> Case No: 11-CV-61357 Scola which similarly alleges TCPA violations against a medical debt collection agency.  Plaintiff's Motion for Class Certification was granted and after oral argument held on May 29, 2013, this court denied Defendant's Motion for Reconsideration as to Class Certification in its May 30, 2013 order.  The court in <u>Manno</u> denied Defendant's motion asserting that the court continues to disagree with the contention that *"consent continues to pose a hurdle to class certification."* [Manno, Dk 197 at 3]  as well as declined to reconsider any of the Defendant's arguments irrespective of their characterization as either "old", "new" or "different."

In this case, the court has asked the parties to brief the court as to whether class certification is now appropriate since the court has now determined liability as a matter of law

---

[1] The court commented that the parties elected to resolve the dispositive motions first, however, a review of the docket would show that the deadline for class certification was originally set for September 2012 but moved backwards due to repeated requests for extensions filed by the Plaintiff.  These extensions pushed the class certification deadline beyond the summary judgment deadline.  Both motions were pending and unresolved as of May 8th

3

against the Defendant and in favor or the Plaintiff.  In review of the existing case law available, the Defendant was unable to locate any case that conclusively precludes a district court from declining to proceed with consideration of class certification ***merely*** based on the fact that the class representative was awarded damages after a finding of liability prior to class certification.

However, it is likely anticipated that the Defendant in Manno will seek an appeal to the Eleventh Circuit as to the court's granting of class certification and if so, the Defendant respectfully requests the court to consider a stay of any further consideration of class certification in this matter until such matter has been considered by the appellate court in Manno.

To the extent that the court seeks direction and consultation only on this very specific and limited issue of review, the Defendant relies upon the arguments presented above.  However, it is well anticipated that this matter is destined, irrespective of the arguments contained herein, to follow the same fate as the Defendant in Manno.[2]

## **CONCLUSION**

Based on the foregoing, the Defendant requests this court to decline to consider class certification in this case or, in the alternative, consider granting Defendant's request for a stay of proceedings pending an appellate review of the class certification issue in Manno.

Respectfully submitted,

/s/ *Ernest H. Kohlmyer, III*_____
Ernest H. Kohlmyer, III

---

[2] It goes without saying that the imposition of class certification damages of this magnitude against a small Florida business that relied in good faith upon binding FCC interpretation of "prior express consent" and the judicial opinions upholding the FCC interpretation, is reason enough to decline further action. Although such an equitable argument will be made again during the opposition stage of this proceeding, if necessary, it is clear to any reasonable mind that such an imposition will more than bankrupt this Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **May 31, 2013**, via the Court Clerk's CM/ECF system which will provide notice to the counsel of record.

>*/s/ Ernest H. Kohlmyer, III*
> Ernest H. Kohlmyer, III
> Florida Bar No.: 110108
> Urban, Thier, Federer & Chinnery, P.A.
> 200 S. Orange Avenue, Suite 2000
> Orlando, FL  32801
> Phone: (407) 245-8352
> Attorneys for Defendant, GCCB