United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mark S. Mais, Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 11-61936-Civ-Scola |
| | ) |
| Gulf Coast Collection Bureau, Inc. | ) |
| Defendant | ) |

### Order Granting Judgment for Gulf Coast Collection Bureau

Previously this Court entered an order that granted summary judgment in favor of Defendant Sheridan Acquisition Associates, P.A. and Defendant Florida United Radiology, L.C. and partial summary judgment for Plaintiff Mark Mais (Order Granting Motion, ECF No. 198.) In the same order, the Court also found that Gulf Coast Collection Bureau, Inc. (Gulf Coast) was not entitled to summary judgment. (*Id.*) That ruling was appealed by Gulf Coast (ECF No. 219) and was reviewed and reversed by the United States Court of Appeals for the Eleventh Circuit Court (the Eleventh Circuit) in an opinion issued on September 29, 2014.

As the Eleventh Circuit pointed out when it reversed the partial grant of summary judgment to Mais, this Court lacks jurisdiction to review the Federal Communications Commission's interpretation of the prior express consent provision in the Telephone Consumer Protection Act. *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110 (11th Cir. 2014). Any "'proceeding to enjoin, set aside, annul, or suspend any order of the Commission' must be brought under the Hobbs Act." *Mais*, 768 F.3d at 1119 (quoting 47 U.S.C. § 402(a)). Under the Hobbs Act, the federal courts of appeals have exclusive jurisdiction to enjoin, set aside, suspend or determine the validity of Federal Communications Commission orders. *Id.* (citing 28 U.S.C. § 2342; *FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 468 (1984)). As such, this Court lacks jurisdiction to consider claims "to the extent [that] they depend on establishing that all or part of an FCC order subject to the Hobbs Act is 'wrong as a matter of law' or is 'otherwise invalid.'" *Mais*, 768 F.3d at 1120 (quoting *Self v. Bellsouth Mobility, Inc.*, 700 F.3d 453, 462 (11th Cir. 2012)). Therefore, the Court does not review the Commission's interpretation.

For the reasons enumerated by the Eleventh Circuit in *Mais v. Gulf Coast Collection Bureau, Inc.*, the Court grants final judgment for Gulf Coast based on

Gulf Coast's prior express consent defense. The Court directs the Clerk to **close** this case. All pending motions, if any, are denied as moot.

**Done and ordered** in chambers, at Miami, Florida, on December 1, 2014.

_____
Robert N. Scola, Jr.
United States District Judge